**Michael SMITH, Plaintiff–Appellant,**

v.

**Robert A. BUTTERWORTH, Jr., T. Edward Austin, Jr., as State Attorney to the Charlotte County Special Grand Jury, Defendants–Appellees.**

No. 88–3097.

United States Court of Appeals, Eleventh Circuit.

Feb. 27, 1989.

Gregg D. Thomas, Holland & Knight, Tampa, Fla., for plaintiff-appellant.

George Waas, Asst. Atty. Gen., Dept. of Legal Affairs, Tallahassee, Fla., for defendants-appellees.

Before VANCE and KRAVITCH, Circuit Judges and HENDERSON, Senior Circuit Judge.

VANCE, Circuit Judge:

Plaintiff Michael Smith appeals from the district court's entry of summary judgment for defendants. We reverse.

Appellant is a reporter for the *Charlotte Herald–News* in Charlotte County, Florida. On March 27, 1986, appellee T. Edward Austin, Jr., state attorney for Duval County and special prosecutor, called Smith to testify before a special grand jury investigating allegations of corruption in the Charlotte County state attorney's office and the sheriff's department. When Smith testified, Austin's staff warned him that any disclosure of his testimony would violate chapter 905.27 of the Florida Statutes. That statute provides in relevant part that

(1) A grand juror, ... reporter, ... *or any other person* appearing before the grand jury shall not disclose the testimony of a witness examined before the grand jury ... except when required by a court to disclose the testimony for the purpose of:

(a) Ascertaining whether it is consistent with the testimony given by the witness before the court;

(b) Determining whether the witness is guilty of perjury; or

(c) Furthering justice.

(2) It is unlawful for any person knowingly to publish, broadcast, disclose, divulge, or communicate to any other person ... any testimony of a witness examined before the grand jury, or the content, gist, or import thereof....

Fla.Stat. § 905.27 (1985) (emphasis added). Any person who violates the statute is guilty of a first degree misdemeanor.

§ 905.927(4). A violation also constitutes criminal contempt. § 905.27(5).

The grand jury terminated its investigation in April 1986. Smith now wants to publish a news story and possibly a book about the subject matter of the special grand jury's investigation, including what he observed of the process and the matters about which he testified. On November 18, 1987, Smith brought an action for declaratory and injunctive relief, requesting the district court to declare the statute to be an abridgment of speech in violation of the first amendment. He also sought to enjoin the state from prosecuting him under the statute, alleging that prosecution would deprive him of his first amendment rights under color of state law. The court granted defendants' motion for summary judgment, holding that the permanent and total nondisclosure of grand jury testimony was necessary to achieve the state's interest in preserving the efficacy of grand jury proceedings, and that this interest sufficiently outweighed appellant's rights under the first amendment. 678 F.Supp. 1552.

Appellant argues that section 905.27 is unconstitutionally overbroad, in that it prohibits *any* person appearing before the grand jury from *ever* disclosing matters testified to, even long after the investigation is terminated. The question presented by this appeal thus is a narrow one. We are not addressing the legitimacy of a statute which penalizes disclosure by grand jurors, court reporters, or other persons who acquire information by virtue of their official participation in grand jury proceedings; nor are we faced with a statute that precludes witnesses from divulging the nature of their testimony during the course of an ongoing investigation. Rather, we address the constitutionality of a state statute that imposes on witnesses appearing before the grand jury a permanent and absolute obligation of secrecy and makes violations of that obligation criminally punishable.

■ We note at the outset that the freedom of speech afforded by the first amendment is not absolute. *Whitney v. Califor-*

*nia,* 274 U.S. 357, 371, 47 S.Ct. 641, 646, 71 L.Ed. 1095 (1927); *Chaplinsky v. New Hampshire,* 315 U.S. 568, 571, 62 S.Ct. 766, 768, 86 L.Ed. 1031 (1942). Legislation that penalizes the publication of truthful information, however, seldom can satisfy constitutional standards, *Smith v. Daily Mail Publishing Co.,* 443 U.S. 97, 102, 99 S.Ct. 2667, 2670, 61 L.Ed.2d 399 (1979), and "requires the highest form of state interest to sustain its validity." *Id.* at 102, 99 S.Ct. at 2670. Even where a sufficiently compelling state interest can be shown, those arguing in favor of a regulation's validity must further demonstrate that its goal cannot be achieved by means that do not infringe as significantly on first amendment rights. *Minneapolis Star & Tribune Co. v. Minnesota Comm'r of Revenue,* 460 U.S. 575, 587 n. 7, 103 S.Ct. 1365, 1372 n. 7, 75 L.Ed.2d 295 (1983).[1]

Appellees maintain that several important governmental interests are promoted by the permanent and absolute ban on disclosure. Present and future investigations would be undermined, they contend, if witnesses were permitted to divulge the nature of their testimony. The effectiveness of the grand jury system itself would be impaired if jurors were not completely assured that their identities would remain unknown. Finally, appellees argue that confidence in the grand jury as an institution would be undermined if the identities of those investigated but not indicted were revealed. While we acknowledge that these interests are legitimate, we do not view them as sufficiently compelling to justify the criminal punishment of *any* person, including a witness, who divulges the content of grand jury testimony.

The statute at issue is similar to one challenged in *Landmark Communications, Inc. v. Virginia,* 435 U.S. 829, 98 S.Ct. 1535, 56 L.Ed.2d 1 (1978). A newspaper publisher in that case was convicted under a state law proscribing the disclosure of information pertaining to proceedings before the state judicial review com-

mission. While recognizing that "confidentiality promotes the effectiveness of this mode of scrutinizing judicial conduct and integrity," *id.* at 836, 98 S.Ct. at 1540, the Court concluded that "the publication Virginia seeks to punish under its statute lies near the core of the First Amendment, and the Commonwealth's interests advanced by the imposition of criminal sanctions are insufficient to justify the actual and potential encroachments on freedom of speech and of the press which follow therefrom." *Id.* at 838, 98 S.Ct. at 1541.

Appellees argue that the long tradition of secrecy surrounding grand jury proceedings serves to distinguish the Florida statute from the Virginia law addressed in *Landmark.* While it is true that courts have long recognized the need for grand jury secrecy, *see Douglas Oil Co. of California v. Petrol Stops Northwest,* 441 U.S. 211, 218 n. 9, 99 S.Ct. 1667, 1667 n. 9, 60 L.Ed.2d 156 (1979), the rule of secrecy has not always been extended to witnesses. Fed.R.Crim.P. 6(e), for example, which codifies the traditional rule of secrecy, *United States v. Sells Eng'g, Inc.,* 463 U.S. 418, 425, 103 S.Ct. 3133, 3138, 77 L.Ed.2d 743 (1983), does not impose an unqualified obligation of secrecy on witnesses. The advisory committee note explains that "[t]he seal of secrecy on witnesses seems an unnecessary hardship and may lead to injustice...." Fed.R.Crim.P. 6(e) advisory committee's note. The federal rule reflects a determination that the effectiveness of the grand jury function can be ensured absent application of the rule to witnesses. Although the federal rule is not binding on any state, it illustrates that Florida's goal of preserving the integrity of grand jury proceedings can be achieved without the imposition of a blanket prohibition on disclosure.

We thus conclude that section 905.27 is unconstitutional insofar as it applies to witnesses who speak about the nature of their own grand jury testimony

---

1. Whether the statute operates as a prior restraint or rather constitutes a penal sanction for publishing truthful, lawfully obtained information makes no difference. Both require the most compelling state interest to sustain their validity. *Daily Mail,* 443 U.S. at 101–02, 99 S.Ct. at 2669–70.

after the investigation has been completed. We reject, however, appellant's assertion that the statute must be stricken in its entirety. This case is "governed by the normal rule that partial, rather than facial, invalidation is the required course." *Brockett v. Spokane Arcades, Inc.*, 472 U.S. 491, 504, 105 S.Ct. 2794, 2802, 86 L.Ed.2d 394 (1985). Partial invalidation is proper unless it would be contrary to legislative intent in the sense that the legislature would not have passed the statute without the invalid portion. *Id.* at 506, 105 S.Ct. at 2803. The challenged statute contains a severability clause;[2] and under Florida law, "[a]n unconstitutional portion of a general law may be deleted and the remainder allowed to stand if the unconstitutional provision can be logically separated from the remaining valid provisions, that is, if the legislative purpose expressed in the valid provisions can be accomplished independently of those [provisions] which are void...." *Presbyterian Homes of Synod v. Wood*, 297 So.2d 556, 559 (Fla. 1974). The remainder of the statute accomplishes the legislature's general intent of enhancing the integrity of the grand jury system by providing for the confidentiality of the proceedings. We therefore hold that the provisions of section 905.27 prohibiting "any other person" from disclosing the nature of grand jury testimony are unconstitutional to the extent that they apply to witnesses who speak about their own testimony after the grand jury investigation is terminated.

The order of the district court granting defendants' motion for summary judgment is reversed and the cause is remanded to the district court for proceedings consistent with this opinion.

REVERSED AND REMANDED.